**ANTELOPE VALLEY IMPROVEMENT and Service District of Gillette, Appellant (Petitioner),**

v.

**STATE BOARD OF EQUALIZATION FOR THE STATE OF WYOMING; and The Wyoming Department of Revenue, Appellees (Respondents).**

No. 98–352.

Supreme Court of Wyoming.

Dec. 9, 1999.

Petition Granted Jan. 13, 2000.

Representing Appellant: James L. Edwards of Stevens, Edwards & Hallock, P.C., Gillette, Wyoming.

Representing Appellee Wyoming Department of Revenue: Jay A. Jerde, Assistant

Attorney General. Appearing for but not heard on behalf of the Wyoming State Board of Equalization (for the reasons set forth in the opinion): Michael L. Hubbard, Deputy Attorney General; Harry D. Ivey, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Antelope Valley Improvement and Service District of Gillette (Antelope Valley) applied to the Department of Revenue (Department) for a sales and use tax exemption in 1997. The Department denied the application by final decision letter dated October 15, 1997, and Antelope Valley filed its appeal November 17, 1997. The Board of Equalization (Board) dismissed the appeal as untimely filed, and Antelope Valley appealed to the district court, which affirmed the decision of the Board.

In its appeal before this Court, Antelope Valley argues the Board's rule concerning filing of appeals violates due process because it does not require actual notice before the time for appeal begins to run. Antelope Valley also contends the Board's decision was not supported by substantial evidence. The Board applied its properly promulgated rules, which have the force and effect of law, and its decision is supported by substantial evidence. There is no evidence in the record that Antelope Valley did not have an opportunity to respond and be heard. Absent that evidence, due process is not implicated. Therefore, we affirm the decisions of the district court and the Board.

## ISSUES

Antelope Valley presents this statement of the issues for review:

I. Did the Board of Equalization have sufficient evidence upon which to base its decision?

II. Did the district court improperly affirm the Board of Equalization's dismissal of the appeal of Antelope Valley?

The Department of Revenue presents these issues:

I. Whether the Wyoming State Board of Equalization acted in accordance with law when it dismissed the appeal of Antelope Valley with prejudice for lack of subject matter jurisdiction.

II. Whether the Wyoming State Board of Equalization acted contrary to constitutional right when it dismissed the appeal of Antelope Valley with prejudice for lack of subject matter jurisdiction.

## FACTS

By letter dated October 15, 1997, the Department denied a request by Antelope Valley for a sales and use tax exemption. The letter notified Antelope Valley that it was a final administrative decision subject to appeal to the Board "within thirty (30) days of this notice date." Antelope Valley filed a case notice of appeal with the Board on November 17, 1997. After reviewing the notice, the Board issued a notice of its intent to dismiss the appeal with prejudice because the appeal was untimely filed. After accepting briefs from both parties and affidavits from Department employees on the timeliness issue, the Board issued its decision that it was without jurisdiction to hear the appeal because the notice of appeal was untimely filed.

Antelope Valley timely filed a petition for review of the order of dismissal with the district court, and the district court affirmed the Board's order. Antelope Valley now appeals to this Court seeking review of the order of dismissal.

## DISCUSSION

*Standard of Review*

■ In reviewing an administrative agency decision on appeal, this Court shall hold unlawful and set aside agency action found to be: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege or immunity; (3) without observance of procedure required by law; or (4) unsupported by substantial evidence. Wyo. Stat. Ann. § 16–3–114(c)(ii)(A), (B), (D) and (E) (LEXIS 1999). Antelope Valley contends the Board's decision was not supported by substantial evidence. Substantial evi-

dence is relevant evidence which a reasonable mind might accept in support of an agency's conclusion so long as it is more than a mere scintilla of evidence. *Cronk v. City of Cody*, 897 P.2d 476, 478 (Wyo.1995).

When reviewing an agency decision which has been considered by the district court, we give no deference to the district court's determination. *Squillace v. Wyo. State Employees' & Officials' Group Ins. Bd. of Admin.*, 933 P.2d 488, 490 (Wyo.1997). Using the same evidentiary materials and the same standard of review as the district court, we inquire into the matter as if it had proceeded directly to us from the agency. *Id.* We review an agency's conclusions of law to determine whether they are in accordance with the law; if they are not, we correct the error in either stating or applying the law. *Id.* at 491. When the determination before us is a mixed question of fact and law, we defer to an agency's findings of basic fact but correct misapplication of the law to those facts. *Aanenson v. State ex rel. Wyo. Workers' Compensation Div.*, 842 P.2d 1077, 1080 (Wyo.1992) (quoting *Union Pacific R.R. Co. v. State Bd. of Equalization*, 802 P.2d 856, 860–61 (Wyo.1990)).

*The Board's Rule*

Chapter 2, Section 5 (Section 5) of the Rules and Regulations of the Wyoming State Board of Equalization (1995) (Board Rule) establishes the time period for filing an appeal with the Board from a final administrative decision of the Department. Section 5 provides:

(a) Cases may be instituted by any petitioner who files a case notice for review of any final administrative decision of the Department with the Board c/o executive secretary.... Unless otherwise required by law, the case notice shall be filed with the Board within thirty (30) days of the date of the final administrative decision at issue.

(b) "Computation of Time"—In computing the time period for filing a case notice, the period shall begin on the day after the date of the final administrative decision

and shall conclude on the last day of such computed period, unless such day is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

(c) "Filed with the Board"—The case shall be considered filed with the Board upon mailing of the case notice as evidenced by a postmark, or upon receipt by fax. Any case notice not timely filed shall be dismissed.

Subsection (c) of the Board Rule requires the Board to dismiss "any case notice not timely filed," and the Board applied the rule when it determined it did not have jurisdiction to hear Antelope Valley's appeal. Rules adopted pursuant to statutory authority and properly promulgated have the force and effect of law. *Fullmer v. Employment Security Comm'n*, 858 P.2d 1122, 1123–24 (Wyo.1993). An administrative agency must follow its own rules and regulations. *Id.* at 1124. To determine if the case was not timely filed, we must interpret Section 5 of the Board Rules.

Rules of statutory interpretation apply to the interpretation of administrative rules and regulations. *Glover v. State*, 860 P.2d 1169, 1173 (Wyo.1993). If the language of the rule communicates a plain meaning, that meaning will be applied. *Zmijewski v. Wright*, 809 P.2d 280, 282 (Wyo.1991). Section 5(a) provides that a petitioner must file a case notice of appeal with the Board **"within thirty (30) days of the date of the final administrative decision at issue."** Board Rule, Ch. 2 § 5 (1995).[1] Section 5(b) provides that the time period shall begin on the day after the date of the final administrative decision. *Id.*

The unambiguous language of Section 5 dictates that the time period for filing a case notice of appeal begins to run on the day after the date of the decision and ends thirty days later. Antelope Valley contends the Department did not provide evidence that it mailed the decision letter on the date of the

---

1. On July 12, 1999, this section was amended, adding "or upon the date of mailing of the final administrative decision as evidenced by a post-

mark, whichever is later." Board Rules, Ch. 2, § 5 (1999). However, we apply the rules in effect at the time of the appeal at issue.

letter. However, the Board Rule does not contemplate use of the date the letter was mailed. Rather, the only relevant date under the rule is the date of the final administrative decision.

■■■■ The Department denied Antelope Valley's exemption request by letter dated October 15, 1997. The time period for filing the appeal of that decision began to run on Thursday, October 16, 1997, and ended on Friday, November 14, 1997. The case notice of appeal was post marked November 17, 1997. Therefore, Antelope Valley did not file its case notice within the time period required by the Board's Rule. Timely filing of a request for administrative review of an agency decision is mandatory and jurisdictional. *Fullmer,* 858 P.2d at 1124. Antelope Valley's untimely filing of its case notice of appeal deprived the Board of subject matter jurisdiction over the appeal. The Board did not have jurisdiction to hear the case, and dismissal was appropriate.

*Due Process*

■■■ Antelope Valley argues that it was denied due process because it did not have the benefit of the full thirty days provided for in the rule to respond. However, nothing in the unambiguous language of Section 5 provides for the running of the appeal period from the date of mailing or the date of receipt of notice as opposed to the date on which the Department rendered its decision. A rule that provides thirty days after the date of the decision to file an appeal does not entitle the recipient to file the appeal thirty days after actual notice of the decision.

■■■■ As long as a party is afforded a reasonable opportunity to respond to a ruling and to appeal, due process is not violated. *Jones v. Jones,* 903 P.2d 545, 548 (Wyo.1995). "Due process merely affords the *opportunity* to be heard." *Id.* Antelope Valley does not contend it did not have time to respond in this case. Absent allegations that Antelope Valley was denied a reasonable opportunity to respond to the Department's decision, due process is not implicated. Here, Antelope Valley received all the notice required by law and did not demonstrate any prejudice or harm. *See Palmer v. Crook County Sch.*

*Dist. 1,* 785 P.2d 1160, 1163 (Wyo.1990). The Board's determination that the case notice was untimely filed was in accordance with law.

*Proper Parties to Appeal*

■■■ The Wyoming State Board of Equalization filed a brief with this Court as an appellee in this matter. We find no authority for an adjudicatory body to file briefs as if it were a party to the action. "Generally a court or board exercising judicial or quasi judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal." 4 C.J.S. *Appeal and Error* § 175 (1993).

As we noted in *Basin Electric,* the legislature was clear in its mandate that the Board and the Department have separate and distinct duties. *Basin Elec. Power Co-op., Inc. v. State of Wyo. Department of Revenue,* 970 P.2d 841, 849 (Wyo.1998). "With the Wyoming Government Reorganization Act, the legislature created two separate entities with separate duties and responsibilities. *See* Wyo. Stat. §§ 39–1–301 (Cum.Supp.1993) and 9–2–2007 (1997)." *Id.* As a result of the reorganization, the Department is completely separate from the Board. *Amax Coal Co. v. State Bd. of Equalization,* 819 P.2d 825, 833 (Wyo.1991). "The resulting functional division of the Department to generally disconnect executive department tax collection activities from the rule making and review function retained by the State Board of Equalization provides a justification for differentiation of rights of appeal by the Department for judicial review...." *Id.* The Department has been granted the authority to appeal an adverse decision of the Board. *Id.* (citing Wyo. Stat. Ann. § 39–1–306 (1991)). "The Board has authority to hear contested cases and to promulgate rules and regulations pursuant to the WAPA. Any other exercise of authority violates the clear intent of the legislature." *Basin Electric,* 970 P.2d at 849.

In *Basin Electric* we also held that the Platte County Board of Commissioners lacked standing to appeal from the Board's decision because a board is not a "person" as defined under the tax statutes and the Wyoming Administrative Procedures Act. *Id.* at 848. Similarly, the Board of Equalization lacks standing to submit an appellate brief with this Court. The appeal from a board decision " 'is merely a continuation of those proceedings [board's] in an appellate tribunal.' " *Anita Ditch Co. v. Turner*, 389 P.2d 1018, 1021 (Wyo.1964) (quoting *Willey v. Decker*, 11 Wyo. 496, 73 P. 210, 227 (1903)). "[A]ny person who is not a party in an original action is not a necessary party to an appeal...." *Id.* at 1022. Clearly, the Board was not a party to the original action and cannot be a party to this appeal. The proper parties to this appeal are Antelope Valley, as the "interested person adversely affected," and the Department of Revenue, whose decision was appealed to the Board. Therefore, we strike the Board's brief and have not considered it in our decision in this matter.

## CONCLUSION

The Board of Equalization properly found it lacked subject matter jurisdiction over this case because the appeal was not timely filed in accordance with the Board's Rule. Antelope Valley does not contend it did not have a reasonable opportunity to respond to the decision of the Department of Revenue; therefore, due process concerns were not implicated. Finally, the Board of Equalization was the adjudicatory authority below and is not a proper party to an appeal from its own decision.