PER CURIAM.
In 2011, the Mobile Area Water & Sewer Systems (“MAWSS”), an entity subject to the jurisdiction of the Mobile County Personnel Board (“the Mobile Board”), terminated the employment of Jevon Mil-ner based on (1) his allegedly having left the wastewater-treatment plant to which he had been assigned without the knowledge and permission of his supervisor on approximately 38 occasions and (2) his allegedly having used his employee badge to obtain gasoline from a MAWSS warehouse without authorization on a number of occasions. Milner appealed from MAWSS’s decision to terminate his employment to the Mobile Board. Following a hearing, the Mobile Board reinstated Milner subject to a 74-day suspension without pay. MAWSS then appealed from the Mobile Board’s decision to the Mobile Circuit Court (“the trial court”). The Mobile Board appeared in the appeal, and MAWSS moved to dismiss the Mobile Board as a party on the ground that, under this court’s holding in City of Dothan Personnel Board v. DeVane, 860 So.2d 881 (Ala.Civ.App.2002), the Mobile Board lacked standing to participate as a party in an appeal from one of its own decisions. The trial court dismissed the Mobile Board and entered a judgment vacating the Mobile Board’s decision and reinstating MAWSS’s decision to terminate Milner’s employment. The Mobile Board timely appealed, and the supreme court transferred the appeal to this court. We dismiss the appeal.
“ ‘The issue of standing presents a pure question of law, and the trial court’s ruling on that issue is entitled to no deference on appeal.’ ” Ex parte Howell Eng’g & Surveying, Inc., 981 So.2d 413, 418 (Ala.2006) (quoting Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 953 (Ala.2004)). In DeVane, supra, the City of *1013 Dothan (“the City”) had terminated the employment of Stanley E. DeVane, and DeVane had appealed from that decision to the City of Dothan Personnel Board (“the Dothan Board”). The Dothan Board had affirmed the decision of the City to terminate DeVane’s employment, and DeVane had then appealed from the Dothan Board’s decision to the Houston Circuit Court. The Houston Circuit Court had reversed the decision of the Dothan Board, and the Dothan Board had appealed from the decision of the Houston Circuit Court to this court. This court held that the Dothan Board lacked standing to appeal from the decision of the Houston Circuit Court and dismissed its appeal. In pertinent part, this court stated:
“DeVane and the City were clearly the only proper parties to DeVane’s appeal to the [Dothan] Board of the City’s termination of his employment; the [Do-than] Board could not be a party to DeVane’s appeal to the [Dothan] Board of the City’s termination of his employment. To allow the [Dothan] Board to become a party in an appeal of its decision to the circuit court would allow the [Dothan] Board to abdicate its function as an impartial quasi-judicial fact-finder in a dispute such as the one at issue in this appeal. If the [Dothan] Board were deemed to be a party in this matter, the [Dothan] Board would function as a litigant, taking an adversarial position to a party that had appeared before it in a quasi-judicial proceeding. In that situation, the [Dothan] Board would be advocating the position of the other party to that same quasi-judicial proceeding. There are no provisions in the [local act creating the Dothan Board] that allow the [Dothan] Board to take an adversarial role against a member of the classified-service system or to advance the position of one of the parties that has appeared before it.
“After receiving evidence and hearing the arguments of the counsel for the parties that appeared before it, the [Dothan] Board issued a decision regarding the validity of the City’s termination decision. It cannot be said that the [Do-than] Board had any legally protected interest in the outcome of the dispute before it in the quasi-judicial proceeding, that is, in the dispute between the City and DeVane over the propriety of the City’s termination of DeVane’s employment. After considering DeVane’s and the [Dothan] Board’s arguments and the law from this and other jurisdictions, we conclude that the [Dothan] Board, after acting in its quasi-judicial capacity in hearing and deciding DeVane’s appeal, could not interject itself as a party to later proceedings in this same matter; we also conclude that the [Dothan] Board did not have a legal interest in defending or maintaining its decision upholding DeVane’s termination. The [Dothan] Board did not have a ‘cognizable interest in the outcome of [DeVane’s termination] proceeding.’ Board of County Comm’rs of Washington County, Maryland v. H. Manny Holtz, Inc,, 60 Md.App. [133] at 141, 481 A.2d [513] at 517 [(1984)]. It follows, then, that the trial court’s reversal of the [Dothan] Board’s decision did not harm a legally protected right of the [Dothan] Board, and, therefore, that the [Dothan] Board has no standing in this matter. See State v. Property at 2018 Rainbow Drive, [740 So.2d 1025, 1027-28 (Ala.1999)].”
860 So.2d at 891-92.
In the present case, the Mobile Board, like the Dothan Board in DeVane, was acting in a quasi-judicial capacity when it heard and decided Milner’s appeal from MAWSS’s decision to terminate Mil-ner’s employment. Thus, under the hold- *1014 tog in DeVane, the Motóle Board did not have standing to participate as a party in MAWSS’s appeal to the trial court from the Mobile Board’s decision.
The Mobile Board tries to distinguish DeVane from the present case based on the first sentence of Section 32 and the first sentence of Section 84 of the local act (“the Mobile local act”) creating the Mobile Board. The first sentence of Section 32 authorizes the Mobile Board to employ counsel to represent it “if any person shall fail or refuse to comply with the lawful orders or directions of the [Mobile] Board.” The first sentence of Section 34 provides that “[o]rders of the ... [Mobile] Board may be enforced by mandamus, injunction, quo warranto, or other appropriate proceedings in a court of competent jurisdiction.” However, the second sentence of Section 34 provides that “[a]ny person directly interested, within 14 days, may appeal to the Circuit Court of Mobile County from any order of the [Mobile] [B]oard.... ” It cannot be plausibly argued that MAWSS’s exercising its right to appeal from a decision of the Mobile Board under Section 34 constituted a “refusal” to comply with the a lawful order of the Mobile Board. Moreover, Section 34 does not contain any language expressly authorizing the Mobile Board to participate as a party in an appeal from one of its own decisions. Indeed, the Mobile Board has not cited any provision of the Mobile local act expressly authorizing the Mobile Board to participate as a party in an appeal from one of its own decisions. Consequently, we conclude that DeVane constitutes controlling authority in the present case.
Based on our holding in DeVane, we conclude that the Mobile Board lacked standing to participate as a party in MAWSS’s appeal from the Mobile Board’s own decision and that the Mobile Board lacks standing to prosecute the present appeal. Accordingly, we dismiss the Mobile Board’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.
PITTMAN, J., concurs in the result, with writing.