Rel: January 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0333

_____

## Montgomery City-County Personnel Board

## v.

## Antavione Ferguson

## Appeal from Montgomery Circuit Court
## (CV-22-901065)

MOORE, Judge.

On April 21, 2023, the Montgomery City-County Personnel Board ("the board") filed a notice of appeal to the Supreme Court of Alabama relating to a March 24, 2023, judgment entered by the Montgomery Circuit Court ("the circuit court"). In that judgment, the circuit court overturned a decision of the board that affirmed the City of Montgomery's

termination of the employment of Antavione Ferguson, a lieutenant in the City of Montgomery Police Department. The supreme court transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-1-4, because the appeal arises from a final decision of an administrative agency. See Ala. Code 1975, § 12-3-10. We dismiss the appeal because the board lacks standing to invoke the appellate jurisdiction of this court.

In City of Dothan Personnel Board v. DeVane, 860 So. 2d 881 (Ala. Civ. App. 2002), the City of Dothan terminated the employment of Stanley E. DeVane, a police officer. DeVane appealed to the City of Dothan Personnel Board ("the CDPB"), pursuant to the Civil Service Act of Dothan ("the Civil Service Act"), Act No. 92-442, Ala. Acts 1992. After the CDPB affirmed the termination decision, DeVane appealed to the Houston Circuit Court, which reversed the termination decision and reinstated DeVane's employment. The CDPB filed a notice of appeal to challenge the Houston Circuit Court's judgment. This court dismissed the appeal, concluding that the CDPB lacked standing to appeal. 860 So. 2d at 891-92.

2

This court determined that the CDPB did not have standing to appeal the judgment because it did not have "a legally protected right in the matter forming the basis of the trial court's judgment." 860 So. 2d at 886. This court concluded that the Civil Service Act vested the City of Dothan with the power to terminate the employment of its employees and that only the City of Dothan had a legally protected interest in a judgment reversing its employment decision. 860 So. 2d at 891. We explained that, although the Civil Service Act established the CDPB and vested the CDPB with the quasi-judicial power to review the employment decisions of the City of Dothan, after serving its quasi-judicial function in deciding DeVane's case, the CDPB did not thereafter maintain any legal interest in defending or maintaining its decision upholding the termination of DeVane's employment on further appeal. This court said:

> "To allow the [CDPB] to become a party in an appeal of its decision to the circuit court would allow the [CDPB] to abdicate its function as an impartial quasi-judicial fact-finder in a dispute such as the one at issue in this appeal. If the [CDPB] were deemed to be a party in this matter, the [CDPB] would function as a litigant, taking an adversarial position to a party that had appeared before it in a quasi-judicial proceeding. In that situation, the [CDPB] would be advocating the position of the other party to that same quasi-judicial proceeding. There are no provisions in the Civil Service Act

3

that allow the [CDPB] to take an adversarial role against a member of the classified-service system or to advance the position of one of the parties that has appeared before it."

860 So. 2d at 891.

In this case, the board was created by a local law. Ala. Acts 1971, Act No. 71-2280 ("the Act"), codified at Ala. Code 1975, § 45-51A-32.110 et seq. The Act does not vest the board with the power to terminate the employment of the employees of the City of Montgomery Police Department; instead, the Act specifies that "any officer in whom is vested by law the power to make transfers, promotions, demotions, reinstatements, layoffs, and to suspend or dismiss employees, shall retain such power ...." Ala. Code 1975, § 45-51A-32.118. In this case, it is undisputed that Steven L. Reed, the mayor of the City of Montgomery, had the exclusive power to terminate Ferguson's employment and that he did so. Thereafter, pursuant to the Act, the board was vested with the power "to hear and decide appeals submitted by any person in the competitive service relative to any situation connected with his or her employment status or condition of employment." Ala. Code § 45-51A-

4

32.111(3). Ferguson availed himself of that process by appealing Mayor

Reed's decision to the board.

Section 45-51A-32.120, Ala. Code 1975, governs the procedure for

appeals before the board and provides:

> "(a) Any employee in the competitive service shall have the right to appeal to the personnel board relative to any situation affecting his or her employment status or conditions of employment except in instances where the right of appeal is prohibited by this subpart. Thereupon the board shall make such investigation as it may deem necessary and within 20 days after the request for hearing was filed by the employee, the board shall hold a hearing, at which time it shall hear evidence for and against such employee. Hearings may be informally conducted and the rules of evidence need not apply.
>
> "(b) Within 10 days after concluding the hearing, the personnel board shall certify its findings and order to the authority from whose action the appeal was taken. Such official shall then affirm, revoke, or modify the action taken so as to conform with the findings and order of the board. The findings and order of the personnel board shall be final and conclusive and shall not be reviewable in any court."

Section 45-51A-32.120 clearly establishes that the board shall act in a

quasi-judicial capacity when hearing and deciding appeals from

employment decisions affecting covered employees. The record discloses

that the board exercised those quasi-judicial functions when it decided

5

Ferguson's appeal and ultimately affirmed Mayor Reed's decision to terminate Ferguson's employment.

Unlike the Civil Service Act in <u>DeVane</u>, the Act in this case does not provide for a right of appeal from the decisions of the board. Section 45-51A-32.120(b) clearly states that "[t]he findings and order of the personnel board shall be final and conclusive and shall not be reviewable in any court." However, in <u>Henderson v. Montgomery City-County Personnel Board</u>, 695 So. 2d 9, 10 (Ala. Civ. App. 1996), this court held that, notwithstanding the language in § 45-51A-120(b), a final decision of the board may be reviewed through a petition for a writ of certiorari as under common law. In this case, Ferguson filed a "notice of appeal" to the circuit court, and the circuit court treated the notice as a petition for a writ of certiorari. Exercising certiorari review, the circuit court concluded that the decision of the board was not supported by the evidence in the board's record, and it overturned the decision, ordering that Ferguson's employment be reinstated with back pay, subject to a punishment of suspension for 20 days without pay.

The board purported to appeal the judgment to this court but, as was the case of the CDPB in DeVane, the board has no legally protected right in the matter that formed the basis of the circuit court's judgment. The board does not employ Ferguson, and it has no responsibility for reinstating his employment or paying his back pay. The board acted solely as the appellate body reviewing the employment decision made by Mayor Reed. The board has no legal interest in defending its ruling on appeal, and the Act does not grant the board any right to appeal. Like in DeVane, we conclude that the board cannot abdicate its role as an impartial quasi-judicial body to advocate against a covered employee on appeal to this court. The fact that the board has appealed from a judgment arising from certiorari proceedings as opposed to appellate proceedings does not affect our reasoning.

"[W]hen a party without standing purports to appeal to an appellate court of this state ... the court must dismiss the appeal ...." DeVane, 860 So. 2d at 892. Therefore, we dismiss this appeal.

APPEAL DISMISSED.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

7