**ANTELOPE VALLEY IMPROVEMENT AND SERVICE DISTRICT OF GILLETTE, Appellant (Petitioner),**

v.

**STATE BOARD OF EQUALIZATION FOR the STATE OF WYOMING; and The Wyoming Department of Revenue, Appellees (Respondents).**

No. 98–352.

Supreme Court of Wyoming.

April 10, 2000.

Representing Appellant (no brief filed on petition): James L. Edwards of Stevens, Edwards & Hallock, P.C., Gillette, Wyoming.

Representing Appellee Wyoming Department of Revenue (no brief filed on petition): Jay A. Jerde, Assistant Attorney General.

Representing State Board of Equalization on petition: Michael L. Hubbard, Deputy Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

GOLDEN, Justice.

Antelope Valley Improvement and Service District of Gillette (Antelope Valley) applied to the Wyoming Department of Revenue (Department) for a sales and use tax exemption in 1997. The Department denied the application, and Antelope Valley filed an appeal with the Wyoming Board of Equalization (Board). On its own motion, the Board dismissed Antelope Valley's appeal as untimely. Antelope Valley appealed from the Board's decision, first to the district court, and then to this Court. Both the Board and the Department filed briefs as appellees. In *Antelope Valley Improvement and Service Dist. of Gillette v. State Bd. of Equalization,* 992 P.2d 563 (Wyo.1999), we held, among other things, that the Wyoming Board of Equalization (Board) was not a proper party to Antelope Valley's appeal from the Board's decision. The Board petitioned for rehearing, or in the alternative, for clarification of our ruling. We agreed to clarify our decision by order dated January 13, 2000.

The Board's petition and arguments fail to recognize the two distinct functions it performs pursuant to statute. We acknowledged these functions in *Exxon Corp. v. Bd. of County Comm'rs, Sublette County,* 987 P.2d 158, 162–63 (Wyo.1999). With the legislative changes made in the 1991 Wyo. Sess. Laws ch. 174, the Board "became an independent quasi-judicial organization with constitutional and statutory duties to equalize valuation and decide disagreements regarding statutory provisions affecting the assessment, levy and collection of taxes." *Id.* at 162 (quoting *Union Pacific Resources Co. v. State of Wyoming, Department of Rev.,* 839 P.2d 356, 363 (Wyo.1992)).

While it often functions as an administrative agency, the Board also has a separate and distinct role as an appellate body, hearing appeals from decisions by county boards of equalization and final decisions of the De-

partment.[1]  *See* Wyo. Stat. Ann. §§ 39–1–302(c), –304(a) (Michie 1997); *Exxon*, 987 P.2d at 163.  Referring to Wyo. Stat. Ann. § 39–1–304 (Michie 1997), we discerned:

> subsection (a) to be a part of the Board's adjudicatory function, *i.e.*, that subsection gives the Board the power to hear appeals. Subsection (a)(xiv) (Section 14), on the other hand, is more closely aligned with the Board's regulatory function.

*Exxon*, 987 P.2d at 163.

■ We do not disagree with the Board's contention that when the Board acts in its regulatory capacity and "any person adversely affected" by that decision appeals to the district court, the Board is the proper respondent to that appeal.  Wyo. Stat. Ann. § 39–1–306 (Michie 1997) provides for appeals from Board decisions, either adjudicatory or regulatory.  However, when the Board functions in its adjudicatory capacity, it is not a proper party to an appeal from its order resulting from that proceeding.  The law is well settled, and we reiterate it here: "Generally a court or board exercising judicial or quasi judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal." *Antelope Valley*, 992 P.2d at 567 (quoting 4 C.J.S. *Appeal and Error* § 175 (1993)).  In Antelope Valley's appeal to the Board, the Board was exercising its adjudicatory function; it was not a party to the proceedings and does not have any **legal** interest in maintaining its determination.

■ The Board claims it has a public interest in the appeal before this Court through its statutory and constitutional authority to equalize taxation throughout the state.  However, this case was an appeal to the Board from a final decision of the Department; therefore, the Board was functioning in its adjudicatory capacity.  The administrative agency representing the State of Wyoming's legal interest in the adversarial hearing before the Board was the Department.  The adversarial parties before this Court remain the same, Antelope Valley and the Department.  The Board, as the impartial tribunal below, may not inject itself into this proceeding because it was not acting in its regulatory capacity when it heard the matter and issued its order.

The Board does not present this Court with any pertinent authority to the contrary.  The Board relies on administrative agency case law from other states.  However, the statutory scheme providing for the Department and the Board directs the Board to hear appeals from decisions of the Department and county boards of equalization.  Wyo. Stat. Ann. §§ 39–1–302(c), –304(a) (Michie 1997).  When the Board acts in its adjudicatory capacity, the Board resembles a "lower tribunal," not an administrative agency.  The Board's portrayal of its order, issued in the exercise of its adjudicatory authority, as an "administrative decision," is misguided.

The Board's insistence that it is a proper party to an appeal in cases in which it acted in its adjudicatory capacity is analogous to a district court's filing of a brief with this Court when one of its decisions is being appealed, in the hope that it can explain "the real reason why [it] rendered a particular decision."  The Board's opportunity to explain its reasoning lies in its order, just as a district court's opportunity to explain its reasoning lies in its orders.

In 1998, the legislature recodified Title 39 of the Wyoming Statutes.  The provisions relating to the Department of Revenue and the Board of Equalization are now found in Wyo. Stat. Ann. §§ 39–11–102, –102.1, and –109(b) (LEXIS 1999).  We have reviewed those statutes and emphasize, with boldface type, the statutory language which places the Board in an adjudicatory role, rather than a regulatory role:

> § 39–11–102.1.  Administration; state board of equalization.
>
> (a) The governor shall appoint, with senate confirmation, three (3) persons who shall constitute the state board of equalization who are the department's board of

---

1. We will refer to proceedings in which the Board acts in its capacity as an administrative agency as "regulatory" and in its capacity as an appellate body as "adjudicatory."

appeals. Not more than two (2) board members may be members of the same political party. Each appointment of the board members shall be for a six (6) year term.

(b) The board shall elect a chairman and a vice-chairman who shall serve for two (2) years.

(c) The state board of equalization shall perform the duties specified in article 15, section 10 of the Wyoming constitution and **shall hear appeals from county boards of equalization and review final decisions of the department upon application of any interested person adversely affected, including boards of county commissioners for the purposes of this subsection, under the contested case procedures of the Wyoming Administrative Procedure Act.** Any interested person adversely affected by the adoption, amendment or repeal of a rule pursuant to W.S. 16–3–103(a) shall be afforded an opportunity for a hearing before the board.[2] In addition, the board shall:

(i) Manage its internal affairs and prescribe rules of practice and procedure;

(ii) Prescribe the form for the abstract of the assessment roll, examine and compare the abstracts of the counties and equalize the same, so that all taxable property in the state is assessed at its fair market value, and to that end shall add to or deduct from the aggregate valuation of the property, or any class or classes of property, in any county such percent as will bring the same to its fair market value. When any assessed valuation is to be increased or decreased, the board shall provide not less than twenty (20) days notice of the proposed action to the county board of equalization and county assessor of the county in which the property is situated. If requested,

the state board of equalization shall provide an opportunity for a hearing for the county board of equalization and assessor of the affected county. The hearing shall be held in the affected county. After a hearing, if requested, the county board of equalization shall take the necessary action to effectuate the action taken by the state board of equalization. The state board of equalization shall certify the valuation to be used for all tax levies on or before the first Monday in August. The board shall communicate its equalization actions to the department, along with any recommendations for improved work practices of county assessors;

(iii) When in the opinion of the board, it would be of assistance in equalizing values under paragraph (ii) of this subsection, the board may require any county assessor to furnish statements showing assessments of the property of any person within the county. The board shall consider and equalize county assessments under paragraph (ii) of this subsection and may increase or decrease assessments returned by the county board of equalization when the property so assessed appears to be over-valued or under-valued, first giving notice to those persons affected. The notice shall fix a time and place of hearing. Any affected person may appeal from the decision of the board to the district court of the county in which the property is situated; [3]

(iv) Decide all questions that may arise with reference to the construction of any statute affecting the assessment, levy and collection of taxes, in accordance with the rules, regulations, orders and instructions prescribed by the department: [4]

---

**2.** In contrast, this sentence authorizes the Board to act in its regulatory capacity. The Board is the proper respondent in an appeal to the district court.

**3.** This subsection of the statute allows for a hearing before the Board in its regulatory capacity.

**4.** This subsection provides an excellent example of the distinctive roles the Board performs. Sub-

section (A) presents the Board with an appeal by "any person adversely affected" by a question arising "with reference to the construction of any statute affecting the assessment, levy and collection of taxes." This question will arise in the context of a person being adversely affected by a decision of either the Department or a county board of equalization, thus adverse parties present the issue to the Board in an appellate setting.

(A) Upon application of any person adversely affected; or

(B) In performing its responsibilities to equalize values, including with respect to the suitability of the system prescribed by the department for establishing fair market value.

(v) Require each county assessor immediately after the county boards of equalization have been notified by the state board of equalization of the amount of the county values and state levy, to certify to the state board of equalization, on or before August 10 of each year, in the form and detail prescribed by the board, all valuations and levies fixed in their respective counties;

(vi) Institute or cause to be instituted any proceedings, either civil or criminal, provided by law as a punishment for the neglect, failure or refusal to obey any lawful requirement or order by the board arising from a review of department action under the Wyoming Administrative Procedure Act or in performing its responsibilities to equalize values, or to prevent the violation or disobedience of any lawful requirement or order regarding appeal or equalization, or to compel their enforcement; [5]

(vii) At the time of making annual assessment for state purposes, direct the boards of county commissioners of the several counties to levy upon all taxable property a tax sufficient to pay the interest on all state bonds for that year;

**(viii) Hold hearings after due notice in the manner and form provided in the Wyoming Administrative Procedure Act and its own rules and regulations of practice and procedure. The board may contract with an attorney licensed in the state of Wyoming to perform the functions of a presiding officer, provided the attorney is knowledgeable of and qualified in the particular areas of taxation which are the subject of the appeal;** [6]

(ix) Certify to the county boards of equalization the amount of levy for state purposes on or before the first Monday in August. Whenever the valuation of any county is changed by the state board of equalization, the officers of the county who have authority to levy taxes shall use the valuation as fixed by the state board of equalization as a basis for making tax levies for all purposes;

(x) Carefully examine into all cases wherein it is alleged that property subject to taxation has not been assessed or has been fraudulently, improperly, or unequally assessed, or the law in any manner evaded or violated, and cause to be instituted proceedings which will remedy improper or negligent administration of the tax laws of the state; [7]

(xi) Require any public officer to report information relating to the assessment of property, collection of taxes, receipts from excises and other sources, and whatever other information the department or board may need in the form it prescribes;

Subsection (B), on the other hand, authorizes the Board to decide these same types of questions when it is performing its regulatory responsibilities as an administrative agency which has been directed to equalize values. The Board is a proper respondent to an appeal. It should be clear at this point that the nature of the proceeding before the Board defines the Board's authority and responsibility when one of its decisions is appealed to the district court.

5. This subsection relates to the Board's responsibility to enforce its orders, as an administrative agency. The proceedings the Board may institute are "either civil or criminal," indicating the proceedings are performed by the judicial branch, not the executive branch. Therefore, the proceedings are not administrative proceedings, and the Board is not the adjudicating body. The Board would be a proper party to an appeal from the district court's order.

6. This provision is applicable to contested cases before the Board in either its regulatory or adjudicatory capacity. We designate this combined authority with boldface and italics. It is important that the Board designate which type of proceeding it is holding pursuant to this subsection, either regulatory or adjudicatory.

7. The proceedings instituted pursuant to this subsection are regulatory. *See Exxon Corp.*, 987 P.2d at 163 (Subsection "is more closely aligned with the Board's regulatory function.")

(xii) Schedule meetings of the board at a fixed time on the first working day of each week, and all final actions or decisions by the board shall be made or ratified at such scheduled meetings;

(xiii) Keep complete, accurate, written minutes of all meetings of the board and the actions taken;

(xiv) Provide not less than twenty (20) days notice and an opportunity to be heard to the county board of equalization and the county assessor of any county or counties in which the taxable value of any class of property is to be increased or decreased; [8]

(xv) Have the power to issue subpoenas. The board may issue a subpoena requiring any person to appear at a place within the county where the person resides designated in the subpoena and be examined about any matter within the scope of the inquiry, investigation or contested case being conducted by the board or department and requiring the production of any books and records. The district court shall upon a finding of good cause issue an order requiring the person to appear and to produce the necessary books and records in the event the person disregards or refuses to obey the subpoena of the board;

(xvi) Promulgate rules and regulations governing procedures for board proceedings, including those related to its responsibility to equalize values, and its own internal affairs.[9]

(d) The governor may remove any member of the state board of equalization as provided in W.S. 9-1-202.

(e) On or before August 1 of each year, the state auditor shall certify to the board the amount of all appropriations made by the legislature of the state of Wyoming and the interest on the public debt for which a levy must be made.

39-13-109 Taxpayer remedies.

(b) Appeals. The following shall apply:

(i) The county assessor shall notify any person whose property assessment has been increased by the county board of equalization of the increase. Any person wishing to contest an assessment of his property shall file not later than thirty (30) days after the date or postmark date of the assessment schedule properly sent pursuant to W.S. 39-13-103(b)(vii), whichever is later, a statement with the county assessor specifying the reasons why the assessment is incorrect. The county assessor shall provide a copy to the county clerk as clerk of the county board of equalization. The county assessor and the person contesting the assessment, or his agent, shall disclose witnesses and exchange information, evidence and documents relevant to the appeal, including sales information from relevant statements of consideration if requested, no later than fifteen (15) days prior to the scheduled county board of equalization hearing. The assessor shall specifically identify the sales information used to determine market value of the property under appeal. A county board of equalization may receive evidence relative to any assessment and may require the person assessed or his agent or attorney to appear before it, be examined and produce any documents relating to the assessment. No adjustment in an assessment shall be granted to or on behalf of any person who willfully neglects or refuses to attend a meeting of a county board of equalization and be examined or answer any material question upon the board's request. Minutes of the examination shall be taken and filed with the county clerk;

**(ii) A county assessor may appeal any decision or order of the county board of equalization to the state board of equalization;**

**(iii) Any person aggrieved by any final administrative decision of the department may appeal to the board. Appeals shall be made in a timely**

---

8. Hearings concerning the increase or decrease of the taxable value of any class of property are another example of a regulatory proceeding.

9. This subsection provides the Board with its rulemaking authority, which it undertakes in regulatory proceedings.

manner as provided by rules and regulations of the board by filing with the board a notice of appeal specifying the grounds therefor. The department shall, within a timely manner as specified by board rules and regulations, transmit to the board the complete record of the action from which the appeal is taken;

(iv) Any person including the state of Wyoming aggrieved by any order issued by the board, or any county board of equalization whose decision has been reversed or modified by the state board of equalization, may appeal the decision of the board to the district court of the county in which the property or some part thereof is situated;

(v) The board and department shall not compromise or reduce the tax liability of any person owing a tax to the state of Wyoming, except that the department for good cause, may, but is not required to, compromise and settle with the taxpayer for payment of any taxes owed to the state of Wyoming which tax liability is disputed in good faith by the taxpayer and which liability has not been settled in law. In case the department and the person owing the tax do not agree with respect to tax liability, the department shall by order, assess and levy the full amount of tax due and any person aggrieved by the assessment may appeal the decision to the board pursuant to the Wyoming Administrative Procedure Act.

We suggest that, in any given case, the Board clearly identify the nature of and define the statutory authority for the proceedings before it. This opinion is intended to assist in defining and clarifying the Board's statutory functions, and, ultimately, to direct the Board's efforts when a party appeals from one of its decisions. In its brief, the Board delineates five of its powers:

1. The power to hear contested cases and appeals;
2. The power to equalize valuations pursuant to constitutional authority;
3. The power to examine or investigate allegations of improper assessment;
4. The power to adopt rules and regulations on procedures and equalization;
5. The power to enforce its orders on appeal or equalization.

We agree the Board has authority to perform all of these duties. However, when it holds an adjudicatory proceeding, which constitutes an appeal from a department or county board of equalization decision, it is not acting in its administrative capacity, and it is not a proper party to an appeal.