2002 WY 32

**Sara T. SWIFT, an individual;  and Circle Nine Ranch, Inc., a Wyoming corporation, Appellant (Petitioner),**

v.

**SUBLETTE COUNTY BOARD OF COUNTY COMMISSIONERS, Appellee (Respondent).**

No.  01–44.

Supreme Court of Wyoming.

Feb. 25, 2002.

Phelps H. Swift Jr. of Mullikin, Larson & Swift, LLC, Jackson, WY, Representing Appellant. Argument by Mr. Swift.

William H. Twichell, Deputy County Attorney for Sublette County, Pinedale, WY, Representing Appellee. Argument by Mr. Twichell.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

HILL, Justice.

[¶ 1] The critical question in this zoning dispute is whether a concrete batch plant is an "associated extraction" activity in connection with a gravel pit operation. We conclude that it is not and reverse the decision of the Sublette County Board of County Commissioners granting a conditional use permit for the operation of a concrete batch plant within a zoned agricultural district.

## ISSUES

[¶ 2] Sara T. Swift and Circle Nine Ranch, Inc. (Appellants) present two issues for review:

1. Did the Sublette County Commissioners' resolution approving the issuance of a conditional use permit authorizing the concrete batch plant in the Agricultural (A–1) Zoning District violate the Sublette County Zoning Resolution?

2. Was the evidence sufficient to satisfy the mandatory findings for the issuance of a conditional use permit under Chapter V of the Zoning Resolution[?]

The Sublette County Board of County Commissioners (the Board) concurs with the Appellant's statement of the issues.

1. Appellants also challenge the sufficiency of the evidence supporting the Board's conclusion that the batch plant application complied with the development standards. In light of our decision on the issuance of the conditional use permit in the first instance, we do not reach this issue.

## FACTS

[¶ 3] Joe's Concrete and Lumber, Inc. operates a gravel pit on land near Boulder, Wyoming at the intersection of State Highway 187 and Sublette County Road 353. The gravel pit is situated on land zoned Agriculture (A–1). The Zoning and Development Regulations Resolutions (Zoning Regulations) of Sublette County allow gravel pits in agricultural districts as a conditional use. Gravel pits and "associated extraction activities" are permissible upon issuance of a conditional use permit and compliance with specific development standards set out in the Zoning Regulations.[1]

[¶ 4] On June 27, 2000, Joe's Concrete and Lumber filed an application for a conditional use permit to continue operation of the gravel pit and to include a batch plant[2] at the site. The Appellants, who own land adjacent to the gravel pit site, opposed the application. They objected to the increased traffic, noise, and dust associated with a batch plant. After a public hearing on July 20, 2000, the Planning and Zoning Commission recommended that the Board approve the conditional use permit. The Board subsequently approved the permit on a two-one vote. Appellants petitioned for review of the Board's decision with the district court, which certified the dispute to us pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

[¶ 5] The scope of our review is defined by Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2001), which provides in relevant part:

(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.... The reviewing court shall:

....

2. A batch plant mixes gravel with sand, water, and cement to produce concrete.

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

    (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

*Martens v. Johnson County Board of Commissioners*, 954 P.2d 375, 378–79 (Wyo.1998) (citing *Reaves v. Riley*, 782 P.2d 1136, 1138 (Wyo.1989)). We give no deference to the agency's conclusions of law, and if the correct rule of law has not been invoked and correctly applied, then we will rectify the agency's errors. *Martens*, 954 P.2d at 379.

## DISCUSSION

[¶ 6] The Zoning Regulations of Sublette County allow for the issuance of a conditional use permit for gravel pits and "associated extraction activities" within land zoned Agriculture (A–1). Resolution of this dispute is dependent then upon a determination of whether a concrete batch plant can be considered part of the "associated extraction activities" of a gravel pit. The Board argues that an expansive reading of the subject phrase in conjunction with the traditional deference paid by this Court to an agency's interpretation of its rules and regulations is sufficient grounds for concurring with its conclusion that a concrete batch plant is an "associated extraction" activity of gravel pits. The Appellants' counter argument is that under the plain language of the Zoning Regulations, a concrete batch plant is more properly characterized as a processing activity as opposed to an extraction activity.

[¶ 7] We apply our rules for interpreting statutory language to the interpretation of the rules and regulations of an administrative agency. *Antelope Valley Improvement and Service District of Gillette v. State Board of Equalization*, 992 P.2d 563, 566 (Wyo.1999), *reh'g granted*, 4 P.3d 876 (Wyo.2000). If the language of a rule evidences a plain meaning, then that meaning will be applied. *Id.*

[¶ 8] We now turn to a consideration of the meaning of the phrase "associated extraction activities." The parties do not debate whether the batch plant is an "activi-ty;" rather, the crux of their dispute is over whether or not it is an "associated extraction" activity. The root of "associated" has several different meanings depending upon the context in which the word is used and whether it is used as an adjective, verb, or noun. The word is used in the Zoning Regulations as a modifier of "activity." In that context, the plain meaning of the word can easily be discerned:

**Associate—1:** closely connected (as in function or office) with another **2:** closely related esp. in the mind.

Merriam–Webster's Collegiate Dictionary 70 (10th ed.1998). "Extraction" is the process of extracting something:

**Extract—1 a:** to draw forth (as by research) ... **b:** to pull or take out forcibly ... **c:** to obtain by much effort from someone unwilling ... **2:** to withdraw (as a juice or fraction) by physical or chemical process; *also:* to treat with a solvent so as to remove a soluble substance **3:** to separate (a metal) from an ore.

Merriam–Webster's Collegiate Dictionary 412 (10th ed.1998). Putting the plain meaning of the words together, the Zoning Regulations define gravel pit operations to include activities closely connected or related to the process of withdrawing the gravel from the ground. The question now is whether a concrete batch plant fits within that plain meaning.

[¶ 9] A batch plant mixes gravel with sand, water, and cement to produce concrete. Obviously, the gravel used in the process has already been extracted from the pit. There is nothing in the record to indicate that the batch plant bears any relation to the actual physical extraction of the gravel from the ground. There is no indication that a batch plant refines or processes the gravel in a manner that removes or separates the gravel from other substances. The batch plant processes the gravel with other ingredients to create a product—concrete—it does not extract or assist in the extraction of the gravel from the ground. This conclusion is supported by reference to the Zoning Regulations where cement and concrete manufacturing is an authorized use in a heavy industrial district but is noticeably ab-

sent from the list of authorized uses for agricultural districts. This evidences intent on the part of the drafters of the Zoning Regulations to treat concrete manufacturing distinctly from gravel pit operations. There is no rational argument to support a finding that the batch plant is "closely connected or related to the process of withdrawing the gravel."

## CONCLUSION

■ [¶ 10] It is true, as the Board points out, that we generally defer to an agency's construction of its own rules and regulations. However, it is equally true that "where the agency's interpretation is clearly erroneous or inconsistent with the rule or regulation's plain meaning, we must disregard it." *Croxton v. Board of County Commissioners of Natrona County,* 644 P.2d 780, 784 (Wyo. 1982). A concrete batch plant is not an "associated extraction" activity of a gravel pit under the plain meaning of the words used in the Zoning Regulation. Accordingly, the decision of the Board granting a conditional use permit for a concrete batch plant within an Agriculture (A–1) zone is reversed.