2010 WY 20

**WYOMING OUTDOOR COUNCIL and Powder River Basin Resource Council, Appellants (Petitioners),**

v.

**WYOMING DEPARTMENT OF ENVIRONMENTAL QUALITY, Water Quality Division, Appellee (Respondent),**

and

**Marathon Oil Company and Petroleum Association of Wyoming, Appellees (Intervenor–Respondents).**

No. S–09–0062.

Supreme Court of Wyoming.

Feb. 25, 2010.

Representing Appellants: Steve Jones, Watershed Protection Program Attorney, Wyoming Outdoor Council, Lander, Wyoming.

Representing Appellee Wyoming Department of Environmental Quality, Water Quality Division: Bruce A. Salzberg, Wyoming Attorney General; Jay A. Jerde, Deputy Attorney General; John Burbridge, Senior Assistant Attorney General. Argument by Mr. Burbridge.

Representing Appellee Marathon Oil Company: Brent R. Kunz of Hathaway & Kunz, P.C., Cheyenne, Wyoming; John C. Martin,

Duane A. Siler and Ben A. Ellison of Patton Boggs LLP, Washington, D.C. Argument by Mr. Martin.

Representing Appellee Petroleum Association of Wyoming: John A. Masterson of Rothgerber Johnson & Lyons LLP, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] After the Wyoming Environmental Quality Council (EQC) adopted the Department of Environmental Quality's (DEQ) proposed revisions to Chapter 1 of the Wyoming Water Quality Rules and Regulations (WWQR & R), the Wyoming Outdoor Council and the Powder River Basin Resource Council (Petitioners) filed a petition challenging the new rules. The Petitioners named the DEQ as the respondent. Finding that the proper party was the EQC, which the petition did not name, the district court dismissed the petition for lack of jurisdiction. The Petitioners appeal, claiming the district court erred in dismissing the petition. We reverse.

## ISSUES

[¶2] The Petitioners state the issues for this Court's determination as follows:

1. In a case brought pursuant to the Wyoming Administrative Procedure Act to challenge the promulgation of rules and regulations, is the proper party to be named in the petition for review the agency, the agency's hearing body, or both?

2. Where a petition for review of agency rules and regulations is brought, and the agency itself is named as a party, but the agency's hearing body is not named, is it proper to dismiss the petition for lack of jurisdiction, or rather, is it proper to either allow the joinder of the hearing body as a party or acknowledge that the real party in interest has been named, and refuse to dismiss the case?

The DEQ asserts the district court acted properly in dismissing the petition on the ground that it did not name the EQC as respondent. Marathon Oil Company and the Petroleum Association of Wyoming (Intervenors), whom the district court allowed to intervene in the action, agree that the petition was properly dismissed and contend that joinder of the EQC would not have been proper.

## FACTS

[¶3] On December 20, 2006, the DEQ filed a notice of intended rulemaking with the Wyoming Secretary of State's Office in accordance with Wyo. Stat. Ann. § 16–3–103(a) (LexisNexis 2009). On the same date, the DEQ provided copies of the proposed rules to the Legislative Service Office (LSO), Attorney General, and the Governor. The DEQ also provided notice of the proposed rule changes to interested members of the public. The Petitioners and others submitted written comments on the proposed changes and a public hearing was held on February 15 and 16, 2007. On February 26, 2007, the DEQ sent the final rules to the Attorney General's Office for the Governor's signature and filing with the Secretary of State. On April 25, 2007, the Governor approved and signed the rules and they were filed with the Secretary of State.

[¶4] The Petitioners filed their petition for judicial review of the rules on May 29, 2007. They claimed the adoption of the rules was arbitrary, capricious, an abuse of discretion, not in accordance with federal and state law, unsupported by substantial evidence and otherwise in violation of Wyo. Stat. Ann. § 16–3–114(c)(ii) (LexisNexis 2009). An understanding of the grounds for their claim is not necessary in order to decide the issues presented on appeal. Suffice it to say that they asserted the new rules violated the Clean Water Act, 33 U.S.C. § 1251 *et seq.* and federal regulations enacted pursuant thereto in that they allowed the DEQ to establish new standards for newly created classes of water, downgraded a number of bodies of water in Wyoming from primary contact recreational waters to secondary contact recreational waters without conducting required analyses, and provided for variances from water quality standards. They further alleged the DEQ violated the Wyoming Administrative Procedure Act by adopting poli-

cies that fit the definition of rules without following rulemaking procedures and acted arbitrarily by abandoning the fecal coliform standard for water quality and removing chloride protection standards for Class 3 waters in Wyoming.

[¶ 5] Intervenors filed their motions to intervene, which the district court granted. The parties filed briefs. Among the issues raised was whether the petition should be dismissed for failure to name the EQC as a party. By order dated February 2, 2009, the district court dismissed the petition for lack of jurisdiction because the EQC was not named as a party. The Petitioners timely filed a notice of appeal.

## STANDARD OF REVIEW

[¶ 6] Pursuant to W.R.A.P 12.11, an aggrieved party may obtain review of a district court's final judgment by appeal to this Court. We accord no deference to, and are not bound by, a district court's decision on a question of law. *State Bd. of Control v. Johnson Ranches, Inc.*, 605 P.2d 367, 373 (Wyo.1980). The question of whether a district court has jurisdiction to review a matter is one of law, which we review *de novo*. *Douglass v. Wyoming Dep't of Transp.*, 2008 WY 77, ¶ 9, 187 P.3d 850, 853 (Wyo.2008).

## DISCUSSION

[¶ 7] The Petitioners challenge the district court's conclusion that the DEQ was not the proper party to be named as the respondent and they should have named instead the EQC. Petitioners assert that the DEQ was the proper party because the rules they were challenging were those of the DEQ, not the EQC. They further contend that the EQC is merely an adjudicatory panel of the DEQ with no stake in the administration or enforcement of the rules and no legal interest in maintaining its decision to promulgate the rules the DEQ recommended. The DEQ and Intervenors respond in their written arguments to this Court that the district court correctly ruled that the EQC was the proper party to be named in the petition because it, not the DEQ, promulgated the rules the Petitioners were challenging and thereby created the harm about which Petitioners

complained. In its oral argument to this Court, however, the DEQ essentially conceded that it was a proper party to the appeal, would not have felt comfortable moving to dismiss the petition as to itself, and would not have objected to joinder of the EQC. Despite the DEQ's concessions, we consider the question of whether the district court erred in concluding it lacked jurisdiction because the petition did not name the EQC. In resolving this issue, we look first to the legislation creating these entities.

[¶ 8] The DEQ and the EQC were created by the Wyoming Environmental Quality Act, Wyo. Stat. Ann. § 35–11–101 through 35–11–1904 (LexisNexis 2009). The DEQ is a department within the executive branch and consists of six divisions, including the water quality division. Sections 35–11–104 and 35–11–105. The governor, with the advice and consent of the senate, appoints the director of the DEQ. Among the director's duties is to perform "any and all acts necessary to promulgate, administer and enforce the provisions of [the Environmental Quality Act] and any rules ... adopted, established or issued thereunder...." Section 35–11–109(a)(i). The director also appoints administrators for each of the divisions. Section 35–11–108. The division administrators, under the control and supervision of the director, are charged with enforcing and administering the Environmental Quality Act and the rules, regulations and standards promulgated under the Act. Section 35–11–110(a). The water quality division administrator is also charged with receiving public comment and, after consultation with the advisory board, recommending to the director rules to promote the purposes of the Act. Section 35–11–302(a).

[¶ 9] In addition to the DEQ, the Environmental Quality Act also created the EQC. Pursuant to § 35–11–111(a), the EQC is a separate and independent operating agency of state government consisting of seven members who are appointed by the governor with the advice and consent of the senate. Section 35–11–112(a) provides in pertinent part as follows:

(a) The council shall act as the hearing examiner for the department and shall hear and determine all cases or issues arising under the laws, rules, regulations, standards or orders issued or administered by the department or its air quality, land quality, solid and hazardous waste management or water quality divisions. At the council's request the office of administrative hearings may provide a hearing officer for any rulemaking or contested case hearing before the council, and the hearing officer may provide recommendations on procedural matters when requested by the council. . . . The council shall:

(i) Promulgate rules and regulations necessary for the administration of this act, after recommendation from the director of the department, the administrators of the various divisions and their respective advisory boards;

(ii) Conduct hearings as required by the Wyoming Administrative Procedure Act for the adoption, amendment or repeal of rules, regulations, standards or orders recommended by the advisory boards through the administrators and the director. The council shall approve all rules, regulations, standards or orders of the department before they become final;

. . . .

(c) Subject to any applicable state or federal law, and subject to the right to appeal, the council may:

(i) Approve, disapprove, repeal, modify or suspend any rule, regulation, standard or order of the director or any division administrator;

[¶ 10] In addition to the DEQ and the EQC, the Environmental Quality Act provides for the creation of three advisory boards within the DEQ, one each for the air, land and water quality divisions. Section 35–11–113(a). Each division administrator serves as a non-voting member, specifically the executive secretary, for his or her respective advisory board. Section 35–11–110(a)(i). One of the duties of the advisory boards is to recommend to the council through the administrator and director the adoption of and variance from rules, regulations and standards to implement and carry out the provisions and purposes of the Act as it relates to their divisions.

[¶ 11] There is no question from these provisions that the EQC is responsible for conducting public hearings on changes the DEQ proposes to the DEQ rules. The EQC also is charged with approving or disapproving the DEQ's proposed rule changes. There is also no question that the DEQ and its divisions are responsible for recommending, enforcing and administering DEQ rules and changes to the rules.

[¶ 12] In the present case, the rulemaking process began in July of 2002, when the DEQ began a triennial review of Chapter 1 of the Surface Water Quality Standards by publishing an outreach document disclosing its intent to revise the regulations. The DEQ water quality division administrator solicited public comment and, after considering the comments, proposed draft revisions to the rules in November of 2004. After several more solicitations of public comment and revisions to the proposed rule changes, the DEQ director reviewed the revisions and he and the division administrator presented them to the water quality advisory board. There, the revisions underwent an extensive review, including five public meetings and four solicitations of public comment over a two year period. On October 18, 2006, the advisory board recommended that the DEQ propose the rule changes to the EQC.

[¶ 13] Upon receipt of the proposed changes, the EQC solicited public comment and, in February of 2007, held a two day public hearing. The hearing began with a presentation by the DEQ director explaining the proposed revisions. The EQC then heard comments from members of the public in attendance. After the public comments, the DEQ director and water quality division administrator were given an opportunity to respond. The EQC closed the record, met to consider the revisions and, that same day, concluded that "adoption of these rules was necessary to update the Wyoming surface water standards to comply with federal regulations and to carry out the responsibilities of the [DEQ] in regards to the protection of surface water quality in the state."

[¶ 14] Given this process, Petitioners argue that the DEQ is the proper party to this action because the rules are its rules and it, unlike the EQC, is the party having a legal interest in maintaining the rules. They contend the EQC, unlike the DEQ, has no interest in maintaining its determination, was not a party to the administrative proceedings and acted instead in a quasi judicial capacity by conducting the hearing and approving the revisions proposed and advocated for by the DEQ. Petitioners cite *Antelope Valley Improv. and Serv. Dist. of Gillette v. State Bd. of Equalization*, 4 P.3d 876, 878 (Wyo.2000) (citations omitted), in which this Court stated:

> [W]hen the Board [of Equalization] acts in its regulatory capacity and "any person adversely affected" by that decision appeals to the district court, the Board is the proper respondent to the appeal.... However, when the Board functions in its adjudicatory capacity, it is not a proper party to an appeal from its order resulting from that proceeding. The law is well settled, and we reiterate it here: "Generally a court or board exercising judicial or quasi judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on the appeal."

Asserting that the EQC acts in a quasi judicial capacity when it conducts rulemaking hearings and approves or disapproves the DEQ's proposed rule changes, Petitioners assert the EQC could not appeal from nor be heard on an appeal from its own ruling.

[¶ 15] As noted in paragraph 7 above, the DEQ conceded at oral argument that it was a proper party to these proceedings. Intervenors, however, asserted that the DEQ was not a proper party and the district court's holding that the EQC was the proper party was correct. They contend this Court clearly held in *Antelope Valley* that when an agency acts in a regulatory, or rulemaking, capacity and a person adversely affected by its decision appeals to the district court, the agency is the proper respondent to the appeal; however, when an agency acts in an adjudicatory capacity and an aggrieved party appeals, the agency is not a proper party to the appeal. Intervenors assert that the EQC acted in a regulatory, or rulemaking, capacity in conducting the public hearing and approving the revisions; therefore, it was the proper party to be named in the district court appeal.

[¶ 16] In *Antelope Valley*, a service district applied to the Department of Revenue for a sales and use tax exemption. *Id.* at 877. The Department denied the application and the service district appealed to the Board of Equalization. The Board of Equalization dismissed the appeal as untimely. The service district appealed to the district court and then to this Court and the Board of Equalization filed a brief. *Id.* We held the Board was not a proper party to the appeal because in considering the service district's appeal from the Department of Revenue, it was acting in its adjudicatory capacity. We said:

> The administrative agency representing the State of Wyoming's legal interest in the adversarial hearing before the Board was the Department. The adversarial parties before this Court remain the same, [the service district] and the Department. The Board, as the impartial tribunal below, may not inject itself into this proceeding because it was not acting in its regulatory capacity when it heard the matter and issued its order.

*Id.* at 878. We expressly distinguished between the Board of Equalization's adjudicatory and regulatory capacities and held that when the Board acts in its regulatory capacity and a person adversely affected by its decision appeals to the district court, the Board is the proper respondent to the appeal. We made clear that when the Board is engaged in rulemaking, it is acting in its regulatory capacity. *Id.* at 878 nn. 2–3. However, because the case before us involved an appeal to the Board from a final decision of the Department and the appeal was an adversarial proceeding in which the Department represented the State's interest against an aggrieved party, we held the Board was functioning in its adjudicatory capacity. *Id.* at 878.

[¶ 17] Unlike the Board of Equalization in *Antelope Valley,* the EQC was not deciding an appeal from a final decision of the DEQ. Rather, the EQC was holding a public hearing for the purpose of deciding whether the DEQ's proposed rule changes ought to be approved, disapproved or modified. In this sense, the EQC was involved in rulemaking, which is a regulatory function, and *Antelope Valley* would seem to suggest that the EQC was a proper party to the appeal in district court.

[¶ 18] However, "the administrative agency representing the State of Wyoming's legal interest" in the public hearing before the EQC was the DEQ. *Id.* at 878. At the hearing, the DEQ advocated for approval of its proposed revisions while members of the public urged the EQC to disapprove the revisions. The EQC's function was to conduct the hearing and, on the basis of the opposing positions presented, approve, disapprove or modify the proposed revisions. In this case, the EQC approved the DEQ's revisions.

[¶ 19] From this discussion, and the process that led to approval of the DEQ's proposed revisions, we conclude the DEQ was a proper party to the district court appeal. As the administrative agency statutorily charged with carrying out the purposes of the Environmental Quality Act, including the promulgation, administration and enforcement of the Act's provisions and any rules and regulations, the DEQ represented the State's legal interest at the public hearing before the EQC. It clearly was a party to the proceedings before the EQC—both before and after members of the public offered their comments, the DEQ had the opportunity to advocate for approval of its proposed revisions. Given its responsibilities under the Act and the time involved in drafting the revisions, the DEQ just as clearly had a significant legal interest in obtaining approval of its proposed revisions. We hold that the district court erred as a matter of law in concluding that it lacked jurisdiction because the Petitioners failed to name the EQC. As stated in *Antelope Valley,* an administrative agency acting in its regulatory, or rulemaking, capacity is a proper respondent to a district court appeal. The DEQ was an administrative agency acting in its rulemaking capacity and was a proper party to the appeal.

[¶ 20] Section 16–3–114(a) of the Wyoming Administrative Procedure Act supports this conclusion. The provision states in pertinent part:

(a) *[A]ny person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action* or inaction, *or* any person affected in fact *by a rule adopted by an agency,* is entitled to judicial review in the district court.... The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereafter adopted by the Wyoming supreme court.

(Emphasis added). This provision expressly allows judicial review of an agency's final decision in a contested case, a rule adopted by an agency, or "other agency action." W.R.A.P. 12.01 contains the same language. In a lengthy process, the DEQ through its director, water quality administrator and water quality advisory board, drafted the rules presented to the EQC and recommended to the EQC that it approve the revisions. The DEQ, through its director, had the statutory authority to perform all acts necessary to promulgate the rules. Section 35–11–109(a)(i). While the EQC had the authority to approve the rules after recommendation from the director, the division administrators and the advisory boards, the DEQ clearly took "action" with regard to the proposed rules.

[¶ 21] The DEQ was a proper party. Therefore, the district court erred as matter of law in dismissing the appeal for lack of jurisdiction. The Petitioners properly invoked the district court's jurisdiction upon filing the petition naming the DEQ as respondent within the time required by W.R.A.P. 12.04(a).

[¶ 22] Having concluded that the DEQ was a proper party to the appeal, it is not necessary to address the Petitioners argument that, if the DEQ was not a proper party, they should have been allowed to join the EQC. Intervenors contend, however,

that joinder of the EQC would not have been proper whether the DEQ was or was not a proper party because by the time the issue was raised the thirty day time limit imposed by W.R.A.P. 12.04(a) for filing the petition for review had passed. They further contend the EQC was a necessary party without which the appeal could not be decided. Asserting that it was too late to add the necessary party, Intervenors assert the district court properly dismissed the appeal. We address this contention because it may arise on remand.

[¶ 23] W.R.A.P. 12.03 provides:

(a) The proceedings for judicial review under Rule 12 shall be instituted by filing a petition for review in the district court having venue. No other pleading shall be necessary, either by petitioner or by the agency or any other party. No summons shall be necessary. The petition shall conform to the requirements set forth in Rule 12.06.

(b) Copies of the petition shall be served without unnecessary delay upon the agency and all parties in accordance with Rule 5, Wyo. R. Civ. P.

Petitioners in this case served the petition on both the DEQ and the EQC. There is no contention that the EQC did not have notice of the appeal.

[¶ 24] W.R.A.P. 12.06(c) provides in relevant part:

The petition for review shall include:

. . . .

(c) For petitions in contested cases, a list of all persons or agencies formally identified as parties, as defined in W.S. 16–3–101(b)(vi); in all other cases, a person seeking judicial review of agency action must affirmatively file as a petitioner under W.S. 16–3–114 to be considered as a party.

Except in contested cases, this rule does not specify that the petition must list all agencies formally identified as parties.

[¶ 25] Section 16–3–101(b)(vi) of the Wyoming Administrative Procedure Act provides:

"Party" means each person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party[.]

This provision states that the term "party" includes persons or agencies named *or admitted* as a party, suggesting that persons or agencies not named in the petition may be admitted. The provision does not state that a person or agency not named in the petition must be admitted within a specified time period.

[¶ 26] From these provisions, we conclude that the district court could have admitted the EQC as a party after the time for filing the petition for review had passed. There is nothing suggesting otherwise in either the statutes governing administrative actions or the rules governing judicial review of administrative action. The district court properly obtained jurisdiction when the petition for review naming a proper party, the DEQ, was timely filed. Under the facts of this case particularly, where the EQC was served with notice of the petition, we are aware of no reason that the EQC could not have been made a party to the proceeding at the time the issue arose on motion of either party or by the district court on its own initiative.

[¶ 27] Application of the Wyoming Rules of Civil Procedure would also suggest the EQC could have been added as a respondent. Rule 19 requires joinder of all parties having a real interest in a proceeding. The EQC had a real interest in the proceeding. Rule 20 allows joinder of defendants against whom a right to relief is asserted and if questions of law or fact common to all defendants will arise in the action. The Petitioners assert a right to relief from the EQC's rules and questions of fact and law common to both the DEQ and EQC will arise in the action. Rule 21 allows a district court to drop or add parties at any stage of an action and on such terms as are just. Under the circumstances existing here, the district court could have added the EQC at the time the issue arose without causing any injustice.

[¶ 28] The EQC and the DEQ were both proper parties to this proceeding. The district court obtained jurisdiction when the petition naming the DEQ was filed. The district court erred in dismissing the petition for

lack of jurisdiction on the ground that the EQC was not named in the petition.

[¶ 29]   Reversed and remanded to the district court for further proceedings consistent with this opinion.