2017 WY 143

**Ron SCHMITZ, Appellant (Petitioner),**

v.

**STATE of Wyoming, DEPARTMENT OF WORKFORCE SERVICES, LABOR STANDARDS, Appellee (Respondent).**

S-17-0006

Supreme Court of Wyoming.

December 05, 2017

---

Representing Appellant: Timothy C. Kingston, Law Office of Tim Kingston LLC, Cheyenne, Wyoming; Patrick G. Reavey, Reavey Law LLC, Kansas City, Missouri. Argument by Mr. Reavey.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; Michael J. Finn, Senior Assistant Attorney General; Elizabeth C. Gagen, Senior Assistant Attorney General. Argument by Ms. Gagen.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

KAUTZ, Justice.

[¶1] An independent hearing examiner with the Wyoming Department of Workforce Services Labor Standards Appeals Division (WFS) denied Ron Schmitz's request for damages on his claim that the Wyoming De-partment of Corrections (DOC) discriminated against him based upon his advanced age. Mr. Schmitz filed a petition for review with the district court, naming WFS as the only respondent. The district court granted WFS's motion to dismiss on December 4, 2015, and several months later, Mr. Schmitz filed a motion to amend his petition for re-view to substitute or join DOC as respondent in the action. The district court ruled it had no jurisdiction to act on Mr. Schmitz's motion to amend because the case was finally re-solved upon WFS's dismissal. Mr. Schmitz appeals to this Court from the district court's orders dismissing WFS and denying his mo-tion to amend the petition for review.

[¶2] We conclude that the district court's order dismissing WFS was final and appeal-able. Because Mr. Schmitz did not file a timely notice of appeal from that order, we do not have jurisdiction over this matter. Consequently, we dismiss.[1]

## ISSUE

[¶3] Although Mr. Schmitz presents sever-al issues on appeal, the following issue is dispositive: Whether Mr. Schmitz's failure to file a timely notice of appeal from the district court's order dismissing the sole respondent, WFS, results in this Court having no juris-diction over this case.

## FACTS

[¶4] This case has a very complicated course of proceedings, much of which does not affect our decision. However, to provide the proper context for our discussion, we will summarize the various filings and rulings. Our recitation of the course of proceedings should not be considered an opinion on the propriety of the actions.

[¶5] Mr. Schmitz was employed by DOC as a unit manager at the Wyoming State Peni-tentiary from August 2007 until he resigned in February 2012. During his tenure with DOC, Mr. Schmitz applied for several pro-motions and transfers, but younger people

---

1. WFS filed a separate motion to dismiss this appeal arguing there was no case or controversy because Mr. Schmitz did not file a proper claim for age discrimination under state law. We took the motion under advisement. Given we are dis-missing this appeal because Mr. Schmitz did not file a timely notice of appeal, we do not need to address WFS's motion to dismiss.

were hired for the positions. On May 20, 2011, Mr. Schmitz, who was then 63 years old, filed two charges of age discrimination. He filed the first charge with the Equal Employment Opportunity Commission (EEOC) under the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 through 634. The second charge was filed with both the EEOC and WFS. Mr. Schmitz's WFS claim alleged a violation of the Wyoming Fair Employment Practices Act, Wyo. Stat. Ann. § 27-9-101 through 106 (LexisNexis 2017).

[¶6] WFS took the lead in investigating Mr. Schmitz's age discrimination claims pursuant to a workshare agreement with the EEOC. WFS obtained statements from Mr. Schmitz and DOC and compiled documents related to its inquiry. The agency ultimately determined there was probable cause to believe DOC had discriminated against Mr. Schmitz because of his age. DOC apparently requested a hearing on that decision.

[¶7] WFS attempted to conciliate the matter and presented a proposed settlement to both parties. DOC notified WFS that it would not participate in conciliation and withdrew its request for a hearing. On April 15, 2013, WFS sent both parties a letter stating that, because DOC withdrew its request for a hearing and conciliation efforts had failed, WFS had administratively closed the case and sent it to the EEOC for further processing.

[¶8] The EEOC concluded there was "reasonable cause to believe that there [was] a violation of ADEA" and also attempted to conciliate the matter. However, DOC again refused to participate in the conciliation process. EEOC issued Mr. Schmitz a notice of "right to sue" on January 24, 2014. Mr. Schmitz filed a civil action in the First Judicial District Court for the State of Wyoming, claiming DOC had violated the ADEA. The case was later dismissed upon stipulation of the parties, apparently because DOC invoked sovereign immunity.

[¶9] On April 22, 2014, Mr. Schmitz filed a request for a hearing with WFS, claiming he should have been given the opportunity for a hearing prior to WFS's April 2013 decision administratively closing the case and referring it to the EEOC. WFS forwarded the matter to an independent hearing examiner who, without holding a hearing, issued a "Final Agency Order." The order, dated July 24, 2014, stated that DOC's decision in April 2013 "not to pursue this matter further via the Department of Workforce [S]ervices Hearing Examiner after it had been referred out was grounds for entering a default against [DOC]." It affirmed WFS's earlier probable cause determination and stated that "a default is issued in [Mr. Schmitz's] [c]omplaint of discriminatory of [sic] unfair employment practices against [DOC]."

[¶10] At the hearing examiner's direction, Mr. Schmitz submitted a request for damages resulting from the discrimination. After receiving Mr. Schmitz's damages evidence, the hearing examiner issued a "Remedy Hearing Decision" on November 3, 2014. In an apparent contradiction to the July 2014 order defaulting DOC, the hearing examiner's November 2014 decision stated:

1. This case was administratively closed. The Independent Hearing Examiner does not consider this to be equivalent of a finding of an unfair labor practice since the Examiner never determined that the employer, employment agency or labor organization had engaged in any discriminatory or unfair employment practice as defined in the statutes.

2. Since the case was administratively closed in April 2013 and [Mr. Schmitz] was at that point in time given his "right to sue" via the federal EEOC channels, the Independent Hearing Examiner is unwilling[2] to Order any Remedy.

---

2. The "Remedy Hearing Decision" contained in the agency record uses the word "unwilling." The "Remedy Hearing Decision" which Mr. Schmitz attached to his petition for review bears the same date but uses the word "unable" in place of "unwilling." Neither is marked as an amended order, so it appears there were simply two different versions of the "Remedy Hearing Decision." This anomaly makes no difference to our decision herein, but care should be taken to avoid such confusion in the future.

IT IS, THEREFORE, ORDERED [DOC] is not responsible to compensate [Mr. Schmitz] in any amount.

**THIS ORDER** constitutes the final decision of the Wyoming Department of Workforce Services in this contested matter.

[¶11] Mr. Schmitz filed a petition for review of the hearing examiner's decision in the district court. He named WFS as the sole respondent in his petition. WFS filed a motion to be dismissed from the district court action, claiming that it acted in an adjudicatory capacity in the administrative proceeding and was not a proper respondent to the petition for review. The district court agreed and issued an order dismissing WFS from the case on December 4, 2015.

[¶12] On March 25, 2016, Mr. Schmitz filed a motion to substitute or otherwise join DOC as respondent in the matter. The district court concluded that there was "no case or controversy before the Court since entry of the dismissal" of WFS in December 2015. It ruled that it had "no jurisdiction to act on the addition or substitution of a party following that dismissal." Mr. Schmitz filed a notice of appeal from the district court's orders dismissing WFS and denying his motion to substitute or join DOC as the respondent in his petition for review.

## DISCUSSION

[¶13] The timely filing of a notice of appeal is mandatory and jurisdictional. W.R.A.P. 1.03. "[T]he absence of subject matter jurisdiction cannot be waived, and jurisdiction cannot be created by agreement between the parties." *Vance v. City of Laramie*, 2016 WY 106, ¶ 42, 382 P.3d 1104, 1114 (Wyo. 2016) (citing *Edsall v. Moore*, 2016 WY 71, ¶ 10, 375 P.3d 799, 802 (Wyo. 2016) and *North Laramie Land Co. v. Hoffman*, 26 Wyo. 327, 329, 184 P. 226, 228 (1919)). The existence of jurisdiction, including the issue of whether the notice of appeal was timely, is a matter of law subject to *de novo* review. *Golden v. Guion*, 2016 WY 54, ¶ 11, 375 P.3d

719, 722-23 (Wyo. 2016); *Waldron v. Waldron*, 2015 WY 64, ¶ 11, 349 P.3d 974, 977 (Wyo. 2015).

[¶14] W.R.A.P. 2.01 requires an appeal to be filed within thirty days after entry of an appealable order. W.R.A.P. 1.05(a) defines an appealable order as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]"[3]

We have held that an appealable order under Rule 1.05(a) has "three necessary characteristics.... It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." *In re E.R.C.K.*, 2013 WY 160, ¶ 28, 314 P.3d 1170, 1176 (Wyo. 2013) (quoting *In re KRA*, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo. 2004)). Whether an order is final and appealable is a question of law, which we decide de novo.... *Bourke v. Grey Wolf Drilling Co., LP*, 2013 WY 93, ¶ 15, 305 P.3d 1164, 1167 (Wyo. 2013) (citing *In re MN*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007)).

*Waldron*, ¶ 14, 349 P.3d at 977-78 (quoting *Estate of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 31, 319 P.3d 116, 124 (Wyo. 2014)). *See also Pub. Serv. Comm'n v. Lower Valley Power & Light, Inc.*, 608 P.2d 660, 661 (Wyo. 1980).

[¶15] Mr. Schmitz petitioned the district court for review of the WFS decision denying his age discrimination claim against DOC and named WFS as the sole respondent. The district court dismissed WFS, and Mr. Schmitz did not file a formal motion to add or substitute DOC as a respondent in the action until months later. WFS argues that the December 2015 order dismissing it was appealable under Rule 1.05(a) since it finally determined the action. WFS claims that, because Mr. Schmitz did not file a timely notice of appeal from that order, this Court does not have jurisdiction.

[¶16] Mr. Schmitz asserts that the action was not finally determined by the December

---

**3.** W.R.A.P. 1.05(a) applies to appeals to this Court from a district court's decision on a petition for review of administrative action. *See, e.g., Bd. of Trustees of Memorial Hosp. of Sheridan County v. Martin*, 2003 WY 1, ¶ 2, 60 P.3d 1273, 1273 (Wyo. 2003); *Schwab v. JTL Group, Inc.*, 2013 WY 138, ¶ 11, 312 P.3d 790, 793 (Wyo. 2013).

4, 2015 order dismissing WFS. Specifically, Mr. Schmitz maintains that DOC was still a party to the action because he had listed it as such in his petition for review, and a decision dismissing one of multiple defendants (respondents) typically is not appealable. *Olmstead v. Cattle, Inc.*, 541 P.2d 49, 50-52 (Wyo. 1975). *See also State ex rel. State Treasurer of Wyo. v. Moody's Investors Servs., Inc.*, 2015 WY 66, ¶ 10, 349 P.3d 979, 982 (Wyo. 2015). He claims, therefore, the matter was not finally determined until November 2016 when the district court denied his motion to substitute or join DOC.

[¶17] One of the requirements for a petition for review in a contested case is "a list of all persons or agencies formally identified as parties, as defined in W.S. 16-3-101(b)(vi)[.]" W.R.A.P. 12.06(c). Under Wyo. Stat. Ann. § 16-3-101(b)(vi) (LexisNexis 2017), " '[p]arty' means each person or agency named or admitted as a party or properly seeking and entitled as of right to be admitted as a party[.]" Section IV of Mr. Schmitz's petition for review was titled: "Persons/Agencies Formally Identified as Parties." Under that title, he stated: "The persons or agencies formally identified as parties in the administrative process are: (1) [DOC], as the entity which took the unlawful action against Schmitz, (2) [WFS], as the entity whose ruling through [the independent hearing examiner] is being challenged, and (3) Ron Schmitz, as the person aggrieved by [the] agency decisions described herein."

[¶18] As Mr. Schmitz stated in his petition for review, DOC was unquestionably a party to the administrative proceeding. However, Mr. Schmitz does not direct us to any authority stating that an entity or person identified as an adverse "party" under Rule 12.06(c) is automatically considered a respondent in the action. To the contrary, even though Mr. Schmitz listed DOC as a party to the administrative proceeding and served it with the petition for review, he intentionally did not name DOC as a respondent. In fact, Mr. Schmitz argued to the district court that WFS, not DOC, was the proper respondent in this matter.

[¶19] Mr. Schmitz also argues that the December 4, 2015 order dismissing WFS did not finally determine the action or resolve all outstanding issues because, prior to the dismissal, he had requested that the district court allow him to amend his petition for review to name DOC as a respondent. In his response to WFS's motion to dismiss, Mr. Schmitz stated that, if the district court determined DOC should be named as a respondent, then he should be permitted to add DOC because he had listed it as a party in the petition for review and served it with a copy of the petition. However, according to the district court, Mr. Schmitz's counsel declined the opportunity to join DOC when the district court orally announced that it was dismissing WFS from the case.

[¶20] In its order on Mr. Schmitz's motion to amend the petition for review, the district court explained:

**THIS MATTER HAVING COME BEFORE THE COURT** upon review of ... [the] *Motion for Leave to Amend the Petition to Substitute or Otherwise Join a Party* the Court having previously dismissed the Department of Workforce [S]ervices, <u>Petitioner's counsel at that time having conceded there was no longer a contest before the Court,</u> subsequent counsel for the Petitioner having entered an appearance and filed this Motion some three and one-half months later, and the Court now having considered the law, the pleadings and the file **FINDS** and **ORDERS**[:]

1. There has been no case or controversy before the Court since entry of the dismissal of [WFS] December [4], 2015.

2. The Court ha[s] no jurisdiction to act on the addition or substitution of a party following that dismissal.

3. <u>The Court inquired of Petitioner's counsel in open Court [at the hearing on WFS's motion to dismiss] regarding any argument to be made for continuation of the Review by this Court and received none.</u>. . . .

4. The Petitioner has offered no authority under the Rules of Appellate Procedure for the substitution he suggests, and certainly none that survived the Order of dismissal. .

. . . .

(underlined emphasis added).

[¶21] It is the appellant's responsibility to provide an adequate record to this Court. *In re AGS*, 2014 WY 143, ¶ 37, 337 P.3d 470, 480-81 (Wyo. 2014). The record on appeal does not contain a transcript of the hearing on WFS's motion to dismiss nor did Mr. Schmitz provide a statement of the evidence or proceedings to the district court for settlement of the record under W.R.A.P. 3.03. *See generally, Call v. Town of Thayne*, 2012 WY 149, ¶ 13, 288 P.3d 1214, 1217 (Wyo. 2012); *Chancler v. Meredith*, 2004 WY 27, ¶ 5, 86 P.3d 841, 842 (Wyo. 2004); *Smith v. Smith*, 2003 WY 87, ¶¶ 11-12, 72 P.3d 1158, 1161 (Wyo. 2003). Given there is nothing before this Court from which we could determine the district court's findings and conclusions were incorrect, we accept the district court's statement that Mr. Schmitz did not request joinder of DOC as a respondent when expressly questioned at the hearing on WFS's motion to dismiss about whether there was a basis to continue the judicial review action. Under these circumstances, the district court correctly concluded the matter was finally decided by the order dismissing WFS as the sole respondent in the matter.[4] If a petitioner were allowed to request joinder of a respondent months after all of the other respondents had been dismissed from the action, the principles of finality would be greatly harmed.

[¶22] Mr. Schmitz cites *Bridge v. State Dep't of Employment, Unemployment Ins. Comm'n*, 896 P.2d 759 (Wyo. 1995) and *Wyo. Outdoor Council v. Wyo. Dep't of Environmental Quality*, 2010 WY 20, 225 P.3d 1054 (Wyo. 2010) in support of his claim that the order dismissing WFS was not appealable because there were outstanding matters involving DOC. Mr. Bridge filed a petition for review of the Unemployment Insurance Commission's decision that he was not entitled to unemployment benefits and named the Commission as the respondent. The Commission filed a motion to dismiss for failure to join a necessary and indispensable party–Mr. Bridge's employer. Mr. Bridge filed a motion for leave to amend his petition for review to add his employer as a respondent. The district court ruled that Mr. Bridge's petition was not sufficient to invoke the jurisdiction of the court because the employer was not initially included as a respondent. We reversed, concluding that Mr. Bridge's petition was sufficient to give the district court jurisdiction and the procedural defect of failing to name, join, and serve the employer was remedied without unnecessary delay. *Bridge*, 896 P.2d at 760. *Bridge* does not support Mr. Schmitz's position because Mr. Bridge sought joinder of the appropriate respondent before the case was dismissed. Here, by contrast, Mr. Schmitz did not file a motion to add DOC as respondent until months after the only named respondent, WFS, had been dismissed.

[¶23] In *Wyoming Outdoor Council*, the council filed a petition for judicial review of Department of Environmental Quality (DEQ) rulemaking proceedings and listed DEQ as the only respondent. The district court dismissed the petition for lack of jurisdiction, concluding that the Environmental Quality Council (EQC) should have been named as a respondent in the action. *Wyoming Outdoor Council*, ¶¶ 3-5, 225 P.3d at 1055-56. On appeal, we concluded that both DEQ and EQC were proper respondents. *Id.*, ¶ 28, 225 P.3d at 1060. Given Wyoming Outdoor Council had named a proper respondent in its petition for review (DEQ), the district court had jurisdiction over the petition for review and EQC could be added as a respondent after the time for filing the petition for review had passed. *Id.*, ¶¶ 26-28, 225 P.3d at 1060. Unlike in *Wyoming Outdoor Council*, there was a period of several months when there was no respondent (proper or otherwise) in this case.

[¶24] Mr. Schmitz named WFS as the only respondent in the case and did not join DOC prior to WFS's dismissal. He failed to inform

---

4. In his reply brief, Mr. Schmitz asserts that WFS agreed in an email that the case was not finally decided when the district court dismissed it. He seems to be asserting that WFS waived its current claim that the December 4, 2015 order was appealable and/or that this Court does not have jurisdiction over this matter. We do not consider this argument because parties cannot confer jurisdiction upon this Court by waiver or agreement. *See Vance*, ¶ 42, 382 P.3d at 1114.

the district court that he was seeking joinder of DOC as a respondent when the district court specifically asked for a reason to allow the judicial review action to continue upon WFS's dismissal. Once WFS was dismissed, there was nothing pending under the petition for review. The December 4, 2015 order was appealable under W.R.A.P. 1.05(a) because it finally determined the action and there were no outstanding issues. In order to invoke the jurisdiction of this Court, Mr. Schmitz was required to file a notice of appeal within thirty days of entry of the appealable order, and he did not do so. W.R.A.P. 2.01. We do not have jurisdiction over this action and, accordingly, dismiss.